NATIONAL ENAMELING & STAMPING CO. v. PADGETT.

(Circuit Court of Appeals, Seventh Circuit: April 9, 1918.)

No. 2524.

1. MASTER AND SERVANT ☞356—EMPLOYERS' LIABILITY ACT—REFUSAL TO ACCEPT.

An employer, that declined to accept the provisions of the Workmen's Compensation Act of Illinois, is precluded from asserting the defenses of assumption of risk, contributory negligence, and negligence of fellow servants.

2. MASTER AND SERVANT ☞121(1)—INJURIES TO SERVANT—GUARDING DANGEROUS PLACES.

A master is not required, either under the common law or the Illinois statutes requiring the guarding of dangerous machinery, etc., to guard all dangerous places, being bound to guard only those places which he may reasonably anticipate will cause injury to servants.

3. MASTER AND SERVANT ☞286(22)—INJURIES TO SERVANT—GUARDING DANGERS—JURY QUESTION.

If there is any evidence tending to show that the master might have reasonably anticipated that a servant would be injured by coming in contact with a dangerous place, and fails to guard, a jury question is presented.

4. MASTER AND SERVANT ☞285(4)—INJURIES TO SERVANT—JURY QUESTION.

In an action by an Illinois employé, injured when he grasped the cable of an unguarded pulley, evidence held insufficient to take the case to the jury; there being nothing to show that the master could have anticipated that the unusual coincidence of events which caused the injury would occur.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action for damages for personal injuries by Howard Padgett against the National Enameling & Stamping Company. There was a judgment

───────────────

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for plaintiff, and defendant brings error. Reversed and remanded for new trial.

William E. Wheeler, of East St. Louis, Ill., and J. R. Van Slyke, of St. Louis, Mo., for plaintiff in error.

J. T. Bullington and L. V. Hill, both of Hillsboro, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. No assignment of error need be considered, other than the one which challenges the sufficiency of the evidence to present a jury question as to defendant's breach of duty. Defendant in error, herein called plaintiff, was employed by plaintiff in error, herein called defendant, as an assistant pipe fitter, and while so employed suffered an injury to one of his hands. His cause of action rests upon the asserted failure of the master to provide him with a safe place in which to work. The Illinois statute is invoked, and reads as follows:

"All dangerous places in or about mercantile establishments, factories, mills, or workshops, near to which any employé is obliged to pass or to be employed shall, where practicable, be properly inclosed, fenced or otherwise guarded." Hurd's Rev. St. 1917, c. 48, § 89.

On the ground floor of defendant's establishment there were several pipes, which ran near and parallel to the ceiling. No employés worked regularly at this place, and only occasionally, to repair or install pipes, did employés go into this room. Along the floor was a system of flues used in connection with a furnace, and these flues were provided with dampers, which were raised or lowered by an operator on the floor above, as the furnace required. In order to make the place more safe for employés an iron boxlike structure housed the dampers. This box extended about 4½ feet above the floor; its surface was flat, being 19 inches wide by 4 feet long. Its purpose was to guard the dampers. Near the ceiling, and 7 feet above the center of this box, was a pulley through which a wire cable ran, extending from the damper to the floor above. The cable passed directly from the damper to the pulley, and then parallel to and near the ceiling for a distance of about 4 feet, thence through another pulley to the floor above. The damper was thus operatable from the upper floor.

Plaintiff and his superior were fitting a pipe at the time of the injury, and plaintiff was holding the pipe midway between its ends. Plaintiff stepped upon the guard box, and while so standing apparently lost his balance, reached out his hand, and grabbed the cable a few inches below the pulley. Just at this moment the operator opened the damper, and the cable was drawn through the pulley, and plaintiff's hand was injured. The total movement of the cable was but a few inches, enough merely to open and close the damper.

[1-3] Defendant had previously declined to accept the provisions of the Workmen's Compensation Act of the state of Illinois (Hurd's Rev. St. 1917, c. 48, §§ 126-152i), and was, therefore, precluded from asserting the defenses of assumption of risk, contributory negligence, and negligence of a fellow servant.

Was defendant's failure to guard this pulley, under these facts, a violation of the Illinois statute, or a violation of the common-law duty to provide the servant with a reasonably safe place in which to work?

A few rules governing liability in cases of alleged failure to guard a dangerous place are quite well settled. For instance: The master is not required to guard all dangerous places, either under the common law or under a statute similar to the one above quoted. Dillon v. National Coal Tar Co., 181 N. Y. 216, 73 N. E. 978; Robertson v. Ford, 164 Ind. 538, 74 N. E. 1.. If there be any evidence in such a case tending to show that the master might have reasonably anticipated that an employé would be injured by coming in contact with a dangerous place, and fails to guard against it, a jury question is presented. The duty to guard is not necessarily dependent on the location of the pulley or other dangerous place. Miller v. Kimberley & Clark Co., 137 Wis. 138, 118 N. W. 536.

[4] To these rules should be added the observation that the master's duty might in certain cases be made to turn upon the character of the so-called dangerous place. Failure to guard gearings, set screws, or similar objects might be a breach of duty, even though such dangerous place be located near the ceiling, when an unguarded pulley so located would not constitute a dangerous place. For obviously some mechanical devices, when unguarded, are so inherently dangerous that, if an employé is required to come in close contact with them, however rarely, resulting injury may well be said to be within the reasonable anticipation of the employer; while other devices, because dangerous only under certain circumstances, would, if located near the ceiling, be well-nigh incapable of causing injury to an employé, and under such circumstances injury to an employé may well be said to be outside the reasonable anticipation of an employer. Applying these rules to the facts in this case, we think a pulley placed near a ceiling, about 11½ feet from the floor, through which a cable moves back and forth but a few inches, and which could not possibly work injury to an employé, except by such employé climbing to an unusual position and seizing the cable within 4 inches of the pulley, and holding it until an operator above happened to move it, is not such a dangerous place as comes within the statute. To occupy a position where an injury might result, the servant was required to step on the housing of the damper (a device to safeguard employés against injury), he must have lost his balance after taking such unusual position, and he must have seized the cable just as it was about to be moved by the operator above.

The injury occurred, and could only occur, by an unusual co-incidence of events. It occurred because at the particular moment the employé stood upon the damper guard, an unusual position, held the heavy pipe midway between its ends, lost his balance, and seized the cable at a point about a foot above his head and within 4 inches of the pulley, and all this must have occurred just as the operator above opened the damper. Grant that the employer should have anticipated that an employé might have stepped upon this box, we believe it would be asking too much to expect such employer to anticipate the occurrence

of the other concomitant events without which an injury would not have occurred.

A pulley should be guarded when danger to the employé from its use is within the reasonable anticipation of the employer. The realm of reasonable anticipation, though not always well defined, should not be confused with the wider field of speculative possibilities. In the present case, we find no evidence to sustain a verdict that the employer could have reasonably anticipated an injury to an employé by reason of the unguarded pulley.

Judgment is reversed, and cause remanded for new trial.